Citation Nr: 1744005 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 12-32 833 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

Appellant and I.H.




ATTORNEY FOR THE BOARD

Jane R. Lee, Associate Counsel


INTRODUCTION

The Veteran had active duty service from November 1944 to July 1947, and from January 1948 to May 1951. He experienced combat during World War II and the Korean Conflict. The Veteran died on March [redacted], 2008; the Appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon.

The Appellant and I.H. testified at a May 2014 hearing before the undersigned Veterans Law Judge. A transcript is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Appellant if further action is required.


REMAND

Remand is required in this matter in order for the AOJ to comply with the Board's August 2015 remand instructions.

A remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). While substantial compliance is required, strict compliance is not. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (citing Dyment v. West, 13 Vet. App. 141, 146-47 (1999)).

The August 2015 Board remand instructed the AOJ to 1) obtain all relevant treatment records related to the Veteran's July 2006 surgery, including pre-surgery treatment records, and to clearly document and notify the Appellant if the requested records are unavailable; 2) provide a VA opinion as to the cause of the Veteran's death; and 3) readjudicate the appeal.

The AOJ obtained an April 2016 VA opinion and readjudicated the appeal in a May 2016 Supplemental Statement of the Case (SSOC), but failed to obtain all relevant treatment records, specifically treatment records from Sacred Heart Medical Center, related to the Veteran's July 2006 surgery.

A September 2015 deferred rating decision reflects that the AOJ directed that relevant treatment records related to the Veteran's July 2006 surgery be obtained. The May 2016 SSOC reflects that the evidence included VA treatment records from Portland and Roseburg VA Medical Centers up to March [redacted], 2008, the date of the Veteran's death.

However, in the August 2015 remand, the Board also specifically noted that relevant treatment records from the Sacred Heart Medical Center should be obtained as the Veteran's pre-surgery treatment records may provide insight into the causes of the Veteran's aortic calcification that necessitated surgery. There is no evidence that these records were subsequently obtained and associated with the claims file. Additionally, there is no indication that the Appellant was requested to complete an authorization form to obtain those records. Moreover, the Appellant was not sent notice of the inability to obtain these records pursuant to 38 C.F.R. § 3.159(e) (2016).

Accordingly, the case is REMANDED for the following action:

1. Obtain all relevant private treatment records related to the Veteran's July 2006 surgery, including pre-surgery treatment records from the Sacred Heart Medical Center. Ask the Appellant to identify any other treatment providers who treated, diagnosed, or tested the Veteran for his breast cancer and/or chronic obstructive pulmonary disease (COPD); and to provide authorization to obtain records from those providers. Notify the Appellant that she may also submit statements from the Veteran's treatment providers in support of her claim.

If the requested records are unavailable, clearly document the claims file to that effect, and notify the Appellant of any inability to obtain them, in accordance with 38 C.F.R. § 3.159(e) (2016).

2. After obtaining all available records, determine whether any additional development, including am additional VA opinion, is required in order to adjudicate the claim.

3. Readjudicate the appeal. If the benefit sought on appeal is not granted, the Appellant and her representative should be furnished an SSOC and provided an appropriate opportunity to respond before the claims file is returned to the Board for further appellate action.

The Appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).